## In re Anonymous No. 67 D.B. 87

Disciplinary Board Docket no. 67 D.B. 1987.

HILL, *Member,* April 19, 1990 — Pursuant to Rule 208(d)(2)(iii) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania herewith submits its findings and recommendations to your honorable court with respect to the above-captioned petition for discipline.

## HISTORY OF PROCEEDINGS

Respondent, [    ], Esq., was born in 1949 and was admitted to practice in the Commonwealth of Pennsylvania in 1982. His office is located at [    ].

On March 1, 1988, the Office of Disciplinary Counsel filed a petition for discipline alleging that respondent had violated the following Disciplinary Rules: D.R. 6-101(A)(3) (three violations alleged), D.R. 7-101(A)(2), D.R. 1-102(A)(1), and D.R. 1-102(A)(6). The alleged violations stemmed from respondent's representation of three clients, his dealings with an assistant disciplinary counsel, and after receiving notice, his failure to appear before the board to receive a private reprimand.

On April 18, 1988, respondent through his legal counsel timely filed his answer to the petition for discipline. Respondent admitted that he had failed to take any action on behalf of two of his clients as charged. However, he denied any wrongdoing in his handling of the third client's case or his interaction with the assistant disciplinary counsel. Regarding his failure to appear before the board, respondent asserted that he never received the notice advising him of his required appearance before the board.

The parties entered into a stipulation on September 12, 1988, concerning only the factual background surrounding the charges of misconduct. No stipulation concerning Disciplinary Rule violations was agreed to.

On November 28, 1988, a hearing on the matter was held in [    ] before Hearing Committee [    ] consisting of [    ]. At this hearing, respondent stipulated to two violations of D.R. 6-101(A)(3), but denied any further misconduct. After hearing the evidence, in addition to the violations to which respondent had stipulated, the hearing committee found that respondent had also violated D.R. 7-

101(A)(2), D.R. 1-102(A)(1), and D.R. 1-102(A)(6). The hearing committee filed its report and recommendation on the matter on October 17, 1989, and recommended that respondent receive a public censure for his misconduct.

Neither Office of Disciplinary Counsel nor respondent filed exceptions to the hearing committee report and recommendation. The matter was adjudicated at the December 8, 1989 meeting of the Disciplinary Board.

## FINDINGS OF FACT

The Disciplinary Board adopts the following findings of fact:

(1) That the respondent was born in 1949 and was admitted into practice in this Commonwealth in 1982. (Exh. 1.)

(2) That at all times relevant to the charges herein at issue, the respondent was a sole practitioner with offices located at [    ]. (Exh. 1, N.T. 49.)

(3) That at all times relevant to the charges herein at issue, the building in which respondent's office was located was shared by several other attorneys, and that their individual practices relied on an extremely informal interoffice arrangement for such things as the handling of business correspondence. (N.T. 39, 43-4 and 53-4.)

### Charge I

(4) That by order dated February 7, 1984, respondent was appointed by Judge [A], of the [    ] County Court of Common Pleas, to represent [B] in a petition filed pursuant to the Post-Conviction Hearing Act. (Exh. 7.)

(5) That following a hearing at which respondent represented [B], Judge [A] entered an order dated November 13, 1985, in which he denied [B] any relief under the PCHA and dismissed his petition. (Exh. 3.)

(6) That on December 13, 1985, on behalf of [B], respondent filed a timely notice of appeal with the Superior Court of Pennsylvania from Judge [A's] order of November 13, 1985. (Exh. 4.)

(7) That on two occasions subsequent to November 13, 1985, respondent spoke personally with Judge [A] and asked informally that he be allowed to withdraw as [B's] counsel. (N.T. 81-3.)

(8) That by notice dated March 18, 1986, respondent was advised by the Superior Court that his brief for [B] had to be filed on or before April 26, 1986, and that upon failure to timely file that brief, [B's] appeal would be dismissed. (Exh. 8.)

(9) That at no time between December 13, 1985 and April 26, 1986 did respondent take any steps to either formally withdraw as [B's] counsel or to effectively and affirmatively represent him on the appeal. (N.T. 83.)

(10) That by order dated May 2, 1986, the Superior Court dismissed [B's] appeal by reason of respondent's failure to file the required brief. (Exh. 9.)

## Charge II

(11) That in March 1985, one [C] hired respondent to defend her in a divorce action which included various collateral claims. (Exh. 1.)

(12) That in July or August, [C] moved from the [ ] area to Akron, Ohio and accepted new employment with the [D] Hospital in Akron. (N.T. 87-9.)

(13) That from approximately June 1985 to December 1985, respondent and [E's] attorney engaged in negotiations concerning the division of marital property, custody, child support and alimony. (Exh. 1.)

(14) That by January 18, 1986, the terms of a marriage settlement agreement and custody order had been agreed to by respective counsel and the parties, with only the amount of child support and the question of who could claim the children as exemptions for federal income tax purposes left to be resolved. (Exh. 1.)

(15) That during much of 1986, the negotiations regarding the latter two points languished due in large measure to a failure on the part of the respondent to communicate meaningfully with either his client or with opposing counsel. (N.T. 24; Exh. 40.)

(16) That [C] filed a complaint against respondent with the Office of Disciplinary Counsel in early 1987, complaining of his inactivity in handling the divorce action and the collateral claims. (Exh. 16.)

(17) That despite having complained to the Office of Disciplinary Counsel regarding his handling of the case, [C] wrote respondent on April 22, 1987, and requested several substantial changes in the marriage settlement agreement. (Exh. 18.)

(18) That the respondent and [C] talked by telephone on May 27, 1987, but essentially the respondent undertook no further activity on her part after that date. (Exh. 40.)

(19) That by letter dated October 1, 1987, [C] discharged respondent as her attorney. (Exh. 19.)

(20) That despite having retained new counsel in early 1988, [C] had still not procured a divorce, nor had she entered into a marriage settlement agreement as of the date of the disciplinary hearing (November 28, 1988), even though the parties, as of

that date, would have been eligible for a divorce under the Divorce Code. (See 23 P.S. §201(c), (d); N.T. 27-8.)

## Charge III

(21) That by order dated March 29, 1985, respondent was appointed by Judge [F] of the [   ] County Court of Common Pleas to represent [G] in his appeal of judgment of sentence to the Pennsylvania Superior Court. (Exh. 20.)

(22) That by praecipe filed on May 16, 1985, respondent entered his appearance with the Superior Court on behalf of [G]. (Exh. 22.)

(23) That respondent's representation of [G] was made unusually difficult by reason of the facts that [G] filed many motions himself in related cases and concurrently in both state and federal courts. (N.T. 99-101.)

(24) That sometime prior to October 24, 1985 [G] complained to Office of Disciplinary Counsel concerning respondent's handling of his case. (Exh. 1.)

(25) That after investigation, [G's] initial complaint was dismissed. (Exh. 26.)

(26) That [G] filed a second complaint dated March 4, 1986. (Exh 17.)

(27) That the Office of Disciplinary Counsel interceded with respondent on [G's] behalf when [G] became dissatisfied with respondent's efforts, and made a conscientious attempt to monitor the respondent's efforts on [G's] behalf during the period March 4, 1986 through August 26, 1986 (Exh. 1, 23 and 24.)

(28) That by notice dated July 24, 1986, respondent was advised by the Superior Court that his brief for [G] had to be filed on or before September 1, 1986, and that upon failure to timely file that brief, [G's] appeal would be dismissed. (Exh. 33.)

(29) That at no time between May 16, 1985, and September 1, 1986, did respondent take any steps to either formally withdraw as [G's] counsel or to effectively and affirmatively represent him on the appeal. (N.T. 106.)

(30) That by order dated September 9, 1986, the Superior Court dismissed [G's] appeal by reason of respondent's failure to file the necessary brief. (Exh. 35.)

(31) That the respondent's recollection of the foregoing facts relating to charge III is extremely vague. (N.T. 105-6.)

*Charge IV*

(32) That by order dated September 15, 1987, the Disciplinary Board directed that respondent be subjected to a private reprimand concerning disciplinary complaints investigated under file reference numbers [   ] and [   ] (which are the subject matter of charges II and III herein, respectively), of which order respondent was given due notice. (Exh. 37.)

(33) That on December 21, 1987, the Secretary of the Board sent a notice to appear for private reprimand following informal proceedings to respondent at [   ], by certified mail, return receipt requested, which notice directed respondent to appear before the board on Friday, January 15, 1988 at noon in the [   ] room of the [   ] Hotel located at [   ], for the purpose of receiving a private reprimand concerning the above-mentioned disciplinary complaint files. (Exhs. 38 and 39.)

(34) That the formal notice to respondent also advised him, among other things, that the willful failure to appear before the board to receive a private reprimand would be an independent ground for discipline and that it would result in the institution of formal proceedings relating to the miscon-

duct to which the private reprimand to be administered related.

(35) That the notice was sent to respondent by certified mail in a correctly processed envelope and was received at the respondent's place of business on December 23, 1987. (Exh. 39.)

(36) That at all times relevant to this matter, the respective secretaries for the professional occupants of the building in which respondent worked had an informal but efficient method of routing all incoming mail. (N.T. 35-54.)

(37) That on January 15, 1988, respondent failed to appear before the board as directed, for the imposition of a private reprimand. (N.T. 114.)

(38) That respondent failed to communicate with any member or representative of the Disciplinary Board as to why he did not appear before the board on January 15, 1988. (Exh. 1.)

(39) That on two uncertain dates in March or April 1988, respondent's secretary went through his office and discovered approximately 100 pieces of unopened mail. (N.T. 61.)

(40) That among the unopened pieces of mail discovered by the secretary was a letter addressed to respondent from "The Disciplinary Board of the Supreme Court of Pennsylvania" postmarked December 21, 1987 in Harrisburg, Pennsylvania. (N.T. 157-7; respondent's exh. A.)

## CONCLUSIONS OF LAW

Based upon the findings of fact set forth above, the Disciplinary Board concludes that evidence of a clear and convincing nature establishes the following:

(1) Respondent's actions in the [B] and [G] matters violated D.R. 6-101(A)(3).

(2) Respondent's actions in the [B] case violated D.R. 7-101(A)(2).

(3) Respondent's failure to appear before the Disciplinary Board to receive a private reprimand in violation of Pennsylvania Rule of Disciplinary Enforcement 203(b)(2) constituted a violation of D.R. 1-102(A)(1).

(4) Respondent's failure to appear before the Disciplinary Board violated D.R. 1-102(A)(6).

## DISCUSSION

Respondent stipulated to two violations of D.R. 6-101(A)(3), in that he twice neglected a legal matter entrusted to him. In both the [B] and [G] matters, respondent was appointed by a trial judge to represent a criminal defendant on appeal. Respondent indicated that he had handled many criminal matters and was very familiar with the Crimes Code and criminal procedure. (N.T. 77-8.) Nevertheless, respondent neglected both matters resulting in their dismissal. (Findings of Fact 10 and 30, *supra.*)

In the [B] matter, respondent asserted that his neglect resulted from his belief that the appeal lacked merit and his informal discussions with the trial judge about withdrawing from the case. Both assertions or explanations are meritless.

Under the Code of Professional Responsibility then in effect, respondent had the obligation to "represent [his] client *zealously* within the bounds of the law." See Code, Canon 7. (emphasis supplied) Moreover, doubts regarding the soundness of [B's] legal position should have been resolved in favor of the client. See Code, Ethical Consideration 7-3. Even if we assume that [B's] appeal was totally devoid of merit, respondent could have petitioned the court by filing a written request to withdraw.

Unfortunately, even after respondent received a letter from Superior Court advising him that a supporting brief had to be filed by April 26, 1986, or the court would dismiss the appeal, he did nothing.

The hearing committee found, and we agree, that respondent violated D.R. 7-101(A)(2) when he failed to carry out a contract of employment in his representation of [B]. In his brief to the hearing committee, respondent asserted that because [B] was a court-appointed client and therefore not paying respondent for his legal services, there could be no employment contract between the parties. As one would expect, no legal precedent is cited to support this position. Even assuming, arguendo, that "technically" the contract of employment was not with [B], but was with [ ] County, respondent's duty under the contract was to represent [B] in his appeal. That representation required that respondent "seek any lawful objective through legally permissible means; and to present for adjudication any lawful claim, issue, or defense." (Code, Ethical Considerations 7-1.) Therefore, respondent's conscious failure to act on [B's] behalf was an intentional failure to carry out an employment contract, in violation of D.R. 7-101(A)(2).

Our conclusion, that respondent's neglect in the [B] case constituted two separate violations, is consistent with other board decisions. D.R. 6-101(A)(3) and 7-101(a)(2). See *In re Anonymous No. 56 D.B. 77,* 13 D.&C. 3d 379 (1978).

Respondent's conduct in the [G] case was strikingly similar to his neglect in [B]. In [G's] case, respondent was again appointed to represent a client. After entering his appearance on behalf of [G], respondent took no action—again, even after the court notified him of the filing deadline for [G's] brief. However, the one distinguishing factor of this charge was that [G] notified the Office of Disciplin-

ary Counsel and complained of respondent's neglect. After dismissing an initial complaint, and in response to a subsequent letter to the Office of Disciplinary Counsel from [G] criticizing respondent, the office began to personally monitor respondent's efforts in the case. Those efforts involved numerous phone calls and letters in an attempt to prod respondent into fulfilling his obligation. Respondent ignored the Office of Disciplinary Counsel and his duty to his client, [G]. In his brief to the hearing committee, respondent admitted that despite the fact that [G] was a difficult client, his failure to file the appellate brief in a timely manner and his failure to formally withdraw from the case constituted a violation of D.R. 6-101(A)(3). We concur.

Although respondent's handling of [C's] divorce action was less than exemplary, his conduct did not rise to the level of neglect contemplated by D.R. 6-101(A)(3). Respondent was apparently dealing with a very difficult client whose wishes vacillated throughout the course of his representation. Indeed, although [C] subsequently retained other counsel to handle her action, she has not yet obtained a divorce as of the date of the hearing. A careful examination of the evidence leads to the conclusion that respondent's dealings in the [C] matter *did not* constitute a violation of D.R. 6-101(A)(3), because it was apparently impossible to ascertain exactly what objectives [C] sought.

The final charge alleged in the petition for discipline concerns respondent's conduct with respect to the Disciplinary Board. On September 15, 1987, the Disciplinary Board issued an order directing respondent to appear at its January 1988 meeting to receive a private reprimand. Respondent failed to appear before the board and we refuse to accept his excuse as a satisfactory explanation for his absence. Re-

spondent has acknowledged that his agent received the certified mail from the Office of Secretary informing him of the private reprimand. (Exh. 1.) However, respondent failed to open the letter. Although he has argued that this should excuse his failure to appear before the Disciplinary Board, respondent also insisted at the November 1988 hearing that he competently represented clients during this time. Apparently, respondent's "depression," which had no effect on his ability to represent some clients competently (N.T. 239-40), prevented him from opening his mail. We reject this assertion.

We are not unsympathetic to respondent's personal problems being experienced at this time. But personal problems that do not rise to the point of causing a disability are not an excuse for disregarding professional responsibility. The board desires to make it abundantly clear that a respondent's failure to open mail, where no disability is demonstrated, is not in this case and will never be an excuse for failing to appear before the board.

Respondent in failing to appear not only violated D.R. 1-102(A)(1), but his failure also adversely reflects on his fitness to practice law, in violation of D.R. 1-102(A)(6). The Rules of Disciplinary Enforcement recognize the serious nature of failing to appear for a private reprimand. "The neglect or refusal of the respondent-attorney to appear before the board for the purposes of private reprimand without good cause shall automatically convert the decision of the board on private reprimand into a recommendation to the Supreme Court for censure." Pa.R.D.E. 89.205(e).

We believe that public discipline is appropriate in this case. Previous cases recognized the necessity for public discipline in situations such as the instant case. See *In re Anonymous No. 3 D.B. 85,* 41 D.&C.

3d 70 (1986), and *In re Anonymous No. 42 D.B. 80,* 20 D.&C. 3d 341 (1981).

In summary, the board finds by clear and convincing evidence that respondent committed two violations of D.R. 6-101 (A)(1) and violations of D.R. 7-101(A)(2), D.R. 1-102(A)(1) and D.R. 1-102(A)(6).

## RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania respectfully recommends that respondent receive a public censure. The board recommends further that respondent be ordered to pay the costs of investigating and prosecuting this matter.

Ms. Hey and Mr. Stoelker did not participate in the adjudication.

## ORDER

And now, June 4, 1990, upon consideration of the report and recommendations of the Disciplinary Board dated April 19, 1990, it is ordered that [respondent] be subjected to public censure by the Supreme Court at the session of court commencing September 24, 1990, in Pittsburgh. It is further ordered that respondent shall pay costs, if any, to the Disciplinary Board pursuant to rule 208(g), Pa.R.D.E.